**Electronically Filed
Intermediate Court of Appeals
30730
03-OCT-2011
08:36 AM**

NO. 30730

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


EWM INVESTMENTS, LLC, a Nevada Limited Liability Company,
Plaintiff-Appellee,
v.
HEIRS AND/OR DEVISEES OF KAHALIUKUA, DECEASED, et al.,
Defendants-Appellees,
and
BRIAN KANIELE NAE'OLE,
Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 08-1-0426)


SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J., Foley and Reifurth, JJ.)

Defendant-Appellant pro se Brian Kaniela Nae'ole (Nae'ole), as one of the heirs and/or devisees of David Nae'ole, Deceased, appeals from the Final Judgment and Decree (Judgment) filed on August 11, 2010 in the Circuit Court of the Third Circuit (circuit court).[1]  The Judgment provides the following, in relevant part:

> 1.  None of the Defendants named in this paragraph 1, who are all of the Defendants remaining in the case who have claimed interests in the lands in this case, has set forth specific facts in response to the . . . MOTION FOR SUMMARY JUDGMENT [(MSJ) filed by Plaintiff-Appellee EWM Investments, LLC (EWM)], showing that there is a genuine issue for trial,

_____

[1]  The Honorable Glenn S. Hara presided.

> so that no Defendant has raised a genuine issue as to any
> material fact, and based on the evidence presented, [EWM] is
> entitled to a judgment as a matter of law, all as required
> by [Hawai'i Rules of Civil Procedure (HRCP)] Rule 56; and
> these Defendants are: . . . BRIAN NAEOLE[.]
>
> 2. [EWM] is the sole owner in fee simple absolute,
> free and clear of all claims, liens, clouds and encumbrances
> . . . of the parcels of real property described in Exhibit A
> attached.

Exhibit A describes Land Commission Award No. 7542, Apana 1, Royal Patent No. 5001 to Kahaliukua (the property)[2] situated on the island of Hawai'i.

On appeal, Nae'ole argues the following, to the extent we can discern his arguments: the circuit court plainly erred or abused its discretion, violated his right to due process, and violated the Rules of the Circuit Courts of the State of Hawai'i Rule 12 (Circuit Court Rule 12) by reinstating this case after counsel for EWM failed to timely file a Pre-Trial Statement; the circuit court lacked jurisdiction to hear this case, which involved title to private property located in the Kingdom of Hawai'i; the circuit court plainly erred by failing "to apply the proper understanding of [Klinger v. Kepano, 64 Haw. 4, 635 P.2d 938 (1981),] as suggested by [EWM's counsel] in his attempt to confuse [Nae'ole] and [the circuit] court"; and the circuit court violated his right to due process by finding that he had no interest in the property, where his ancestor, David Nae'ole, was given no notice of a 1949 tax sale at which the property was sold.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Nae'ole's points of error as follows:

(1) The circuit court was within its inherent authority to overlook EWM's counsel's delay in filing a Pretrial

---

[2] Although Exhibit A described eight separate parcels of land, Nae'ole's claim extended only to the property.

Statement and did not plainly err or violate Nae'ole's constitutional rights or Circuit Court Rule 12 by reinstating the case. See Circuit Court Rule 12; Hawaii Revised Statutes (HRS) § 603-21.9 (1993); Kawamata Farms, Inc. v. United Agri Products, 86 Hawai'i 214, 257, 948 P.2d 1055, 1098 (1997).

(2) The circuit court had jurisdiction over this case, a quiet title action. HRS § 603-21.5 (Supp. 2010). See In re Determination & Declaration of Heirs of Keamo, 3 Haw. App. 360, 366, 650 P.2d 1365, 1370 (1982); see also State by Kobayashi v. Zimring, 58 Haw. 106, 114-15, 566 P.2d 725, 731 (1977).

(3) We fail to discern Nae'ole's arguments regarding "Hawaii Code Sec. 656-31, 31.5" and are not obliged to address those matters. Hawaii Ventures, LLC v. Otaka, Inc., 114 Hawai'i 438, 478, 164 P.3d 696, 736 (2007).

(4) To the extent that we understand Nae'ole's points with regard to Klinger, we hold the following:

(a) If Nae'ole is arguing that the circuit court erroneously relied on Klinger and EWM's interpretation of Klinger in granting EWM's MSJ, Nae'ole fails to demonstrate where in the record the court relied on Klinger. The circuit court does not cite to that case in its order granting the MSJ, Findings of Fact and Conclusions of Law, or Judgment.

(b) If Nae'ole is arguing that Klinger supports his argument that his due process rights were violated when David Nae'ole was not given notice of the tax sale, Klinger is inapplicable on that point because, among other things, the court in Klinger held that its decision would only apply prospectively, and no lawsuit challenging the notice provided for the 1949 tax sale was filed before Klinger was decided in 1981. See Klinger, 64 Haw. at 15, 635 P.2d at 946.

(5) Nae'ole cites to no authority for the notion that EWM had the burden of proving that David Nae'ole was given notice of the tax sale, and we find none. Freitas v. Gomes, 52 Haw. 145, 472 P.2d 494 (1970), is inapplicable because that case

3

involved distribution of real estate devised by a will, and Nae'ole does not argue that at the time of the tax sale, the Tax Collector of the Third Taxation Division of the Territory of Hawai'i knew David Nae'ole was a person interested in the property or his address or that the tax collector failed to attempt to ascertain such through reasonable diligence. Id. at 152, 472 P.2d at 499.

Therefore,

IT IS HEREBY ORDERED that the Final Judgment and Decree filed on August 11, 2010 in the Circuit Court of the Third Circuit is affirmed.

DATED: Honolulu, Hawai'i, October 3, 2011.

On the briefs:

Brian Kaniela Nae'ole,
Defendant-Appellant pro se.

Tom C. Leuteneker
(Carlsmith Ball LLP)
for Plaintiff-Appellee.

Michael W. Gibson
(Ashford & Wriston LLP)
for Defendant-Appellee
The Nature Conservancy.

Chief Judge

Associate Judge

Associate Judge

4